28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Babatunde AJAYI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70789.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 15, 1994.
Decided July 13, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Michael Babatunde Ajayi ("petitioner") appeals from a decision of the Board of Immigration Appeals ("Board" or "BIA") denying his application for discretionary grant of asylum pursuant to 8 U.S.C. Sec. 1158(a), and declining to address his withholding of deportation claim. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a, and we affirm.
 
 BACKGROUND
 
 3
 On March 24, 1989, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause charging that petitioner, a Nigerian native, was subject to deportation. At his deportation hearing in August, 1989, petitioner applied for asylum and withholding of deportation. The immigration judge denied asylum and withholding of deportation on the basis that petitioner had failed to demonstrate statutory eligibility for asylum or withholding of deportation. The BIA affirmed in a decision dated April 18, 1990. Petitioner appealed to the Ninth Circuit.
 
 
 4
 On May 5, 1992, this court concluded that petitioner satisfied the statutory eligibility for asylum on the basis that he had demonstrated a "well-founded fear" that if he returned to Nigeria he would be subject to further persecution. This court remanded for a determination of whether petitioner was entitled to a grant of asylum as a matter of discretion. On remand, the Board declined to exercise discretion in favor of petitioner on the basis that the record in the case demonstrated a history of fraudulent and dishonest conduct. The present appeal ensued.
 
 DISCUSSION
 A. Application for Asylum
 
 5
 We review for abuse of discretion the Board's denial of a discretionary grant of asylum to an alien who has satisfied the statutory eligibilty. Adebini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Therefore, we must uphold the Board's denial of discretionary relief unless the decision is "arbitrary, irrational or contrary to law." See Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985). The alien bears the burden of establishing that the Board should exercise discretion in its favor.
 
 
 6
 Once an alien has demonstrated that he has satisfied the statutory criteria for eligibility, the Attorney General has discretion as to whether to grant asylum. INS v. Cardozo-Fonseca, 480 U.S. 421, 428 n. 5 (1987). Therefore, an alien who is statutorily entitled to asylum does not necessarily have a right to remain in this country. Id.
 
 
 7
 The Board declined to exercise its discretion in petitioner's favor on the basis that he had not demonstrated he was worthy of discretionary relief. The record in this case is replete with evidence of petitioner's involvement in fraudulent and dishonest conduct which supports this conclusion. For example, after initially failing to appear in court to answer a charge of writing a bad check, petitioner was convicted, fined $125, and sentenced to 12 months' probation. In 1985, petitioner was also convicted of four counts of fraud in conjuction with his visa petition; he was sentenced to one and one-half years' imprisonment, three years' probation, and fined $3,000. Petitioner's appeal of this conviction was dismissed by the Eighth Circuit upon a finding that he was a fugitive from justice for failing to report for the commencement of his sentence. Three years later, petitioner was convicted of theft and making a false writing pertaining to a fraudulent insurance claim. As with the first conviction, petitioner failed to appear in court, and a bench warrant was issued for his arrest. Although the BIA recognized that these crimes were not serious, it noted that the convictions demonstrate petitioner's repeated contempt for the laws of our country.
 
 
 8
 In addition to the Board's consideration of adverse factors, it also considered facts which weigh in favor of a discretionary grant of relief. The Board considered that petitioner had been in this country for 11 years and also that he was engaged to a United States citizen, and contributed to the financial support of her child. Despite its consideration of these favorable factors, however, the Board concluded that petitioner was not entitled to discretionary relief. On the basis of the record before us, we cannot conclude that this decision was "arbitrary, irrational or contrary to law." See Ahwazi, 751 F.2d at 1122. Thus, we conclude that the Board did not abuse its discretion in denying petitioner a discretionary grant of asylum in this country.
 
 B. Withholding of Deportation
 
 9
 Petitioner also asserts that the Board erred in not addressing his withholding of deportation claim. We disagree. Petitioner raised this issue unsuccessfully in his previous appeal to this court. We remanded solely for an exercise of discretion on the application for asylum. The application for withholding of deportation was foreclosed in the prior appeal.
 
 
 10
 Accordingly, the decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3